CITY OF NEW YORK, New York City Health and Hospitals Corp., State of New York, Cesar Perales, Commissioner, N.Y.S. Dept. of Social Services, William F. Morris, Acting Commissioner, N.Y.S. Office of Mental Health, Jane Does I and II, Richard Does I, II, III & IV, Plaintiffs-Appellees,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, John A. Svahn, Commissioner of U.S. Social Security Administration, Defendants-Appellants.

No. 1095, Docket 84-6037.

United States Court of Appeals, Second Circuit.

Feb. 7, 1985.

coverage created by appellants' refusal to pay, or as to the cost of such coverage.

Before LUMBARD, NEWMAN and PRATT, Circuit Judges.

ON PETITION FOR REHEARING

JON O. NEWMAN, Circuit Judge:

The Secretary of Health and Human Services has petitioned for rehearing of this panel's decision of August 27, 1984, affirming a judgment of the District Court that provided relief to a class of mentally ill persons in New York State who were unlawfully denied disability benefits either through rejection of their applications or termination of their prior disability status. 742 F.2d 729 (2d Cir.1984), *aff'g* 578 F.Supp. 1109. The Secretary's initial petition reargued issues concerning the 60-day filing and exhaustion of remedies provisions of 42 U.S.C. § 405(g), which were the principal points raised on the main appeal; no dispute had been raised on the merits. We see nothing in the original petition that persuades us to alter our decision on those threshold issues.

On October 25, 1984, the Secretary supplemented her papers with additional arguments based upon the Social Security Disability Benefits Reform Act of 1984 ("Reform Act"), Pub.L. No. 98–460, 1984 U.S. Code Cong. & Ad.News (98 Stat.) 1794, enacted on October 9, 1984. We afforded plaintiffs an opportunity to respond to the Secretary's supplemental papers. The Secretary presents two arguments based on the Reform Act, each of which we have concluded lacks merit.

■ The Secretary's first argument is essentially an invocation of the maxim *expressio unius*. As she notes, the Reform Act explicitly provides a limited exception to the normal requirements of section 405(g), which will permit unnamed members of certain class actions to pursue their challenges to the termination of their disability benefits. Reform Act § 2(d)(3). The exception to section 405(g) aids unnamed members of a class certified on or before September 19, 1984, in a class action challenging the termination of benefits on the ground that medical improvement has not been shown—what the Reform Act calls "a class action relating to medical improvement." Though acknowledging

that the instant suit is not an "action relating to medical improvement," the Secretary argues that the Congressional decision to exempt this group of plaintiffs from the requirements of section 405(g) carries with it an implied refusal to permit any other plaintiffs to proceed without strict compliance with section 405(g). We disagree.

The Reform Act is remedial legislation, enacted principally to be of assistance to large numbers of persons whose disability benefits have been terminated. It would be a perverse view of Congressional intent if we were to infer from this beneficial legislation a determination on the part of Congress to deny other disability claimants the fruits of a judgment entered in their favor after a ruling that their claims had been unlawfully processed by the Secretary. What the Secretary is urging us to hold is that the Reform Act renders the finality and exhaustion requirements of section 405(g) more stringent than they were before the passage of the Act. We see no basis for reaching such a conclusion. In our view, those not specifically exempted by the Reform Act from the requirements of section 405(g) confront precisely the same threshold obstacles that section 405(g) created before the Reform Act was passed. On the initial argument of this appeal, the Secretary argued vigorously that those obstacles were insurmountable for the plaintiffs in this litigation. We disagreed for reasons set forth at length in our initial decision. In our view, the plaintiffs were entitled to prevail prior to enactment of the Reform Act, and they are not worse off after its passage.

The Secretary's second argument also proceeds from passage of the Reform Act. That Act requires that the cases of members of a class action relating to medical improvement shall be remanded to the Secretary. Reform Act § 2(d)(3). *See Heckler v. Kuehner,* —— U.S. ——, 105 S.Ct. 376, 83 L.Ed.2d 312 (1984).[1] The Secretary points out that many members of the class in the instant litigation are also members of a class action relating to medical improvement, *Schisler v. Heckler,* 574 F.Supp. 1538 (W.D.N.Y.1983). Any member of the class in the instant litigation whose disability benefits were terminated after the beginning date of the *Schisler* class, June 1, 1976, is also a member of the *Schisler* class. The Secretary contends that the disposition that Congress has directed for the members of the *Schisler* class must preclude relief in the instant case for members of this class who are also members of the *Schisler* class. We disagree.

As with the Secretary's first argument, we see no reason to believe that Congress, in enacting the Reform Act, intended to deny to any social security claimant in a case not raising medical improvement issues the benefits of a district court judgment rendered in his favor and affirmed on appeal. The Secretary makes no claim that the remedies available to members of the *Schisler* class by virtue of the Reform Act are inconsistent with the remedies available to members of the instant class by virtue of the judgment of the District Court, and we discern no inconsistency. In the Reform Act Congress specified a remedy for those raising the medical improvement is-

---

**1.** In *Heckler v. Kuehner, supra,* the Supreme Court, acting upon supplemental papers submitted by the Solicitor General with respect to a petition for a writ of certiorari in a class action relating to medical improvement that had not produced a final judgment of the District Court in favor of the plaintiff class, summarily granted the writ, vacated the judgment of the Third Circuit, and remanded the case with directions to have the District Court remand the cases of the class members to the Secretary pursuant to the provisions of the Reform Act. The Supreme Court adopted the form of disposition order proposed by the Solicitor General with the notable exception that the final provision of the Court's order instructed the Third Circuit to instruct the District Court to "take other actions appropriate in light of [the Reform] Act," whereas the final provision of the Solicitor General's proposed order had directed dismissal of the complaint, a course the Supreme Court declined to follow. *Compare Heckler v. Kuehner, supra,* 105 S.Ct. at 376 (order of Supreme Court), *with id.,* Brief for the Petitioners in Reply to the Supplemental Brief for the Respondents at 8 (order proposed by Solicitor General).

sue. No member of the instant class is raising that issue in this lawsuit. The plaintiffs in this suit have secured a remedy for the wrong done to them by the unlawful procedure that was used in the processing of their claims. The Reform Act does not deny the members of the class in this litigation the remedy they have secured. If, in the course of providing members of the *Schisler* class the remedy to which they are entitled, it should develop that some aspect of that remedy is unnecessary for those who are members of both the *Schisler* class and the class in the instant litigation, the judgment in this case will not prevent the Secretary from applying to the District Court for the Western District of New York for appropriate adjustment of the remedy in the *Schisler* suit.

■ Finally, we note that section 5 of the Reform Act imposes a moratorium on continuing eligibility reviews for persons "determined to be under a disability by reason of a mental impairment" until revised criteria have been promulgated by the Secretary pursuant to the Act. The Secretary makes no claim that section 5 modifies any provision of the judgment in this case. Whether section 5 will have an effect upon the administrative actions to be taken by the Secretary in implementing the judgment in this case is a matter to be determined in the first instance at the administrative level.

For these reasons, the petition for rehearing is denied.